IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY G. GRANGER, JR.,

        Plaintiff,

v.                                                 No. 18cv71 WJ/GJF

WELLS FARGO,
STATE OF NEW MEXICO,
MARK SANCHEZ,
DAVID MORANDA, and
DAVID E. FINGER,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
## AND DISMISSING THE CASE WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 3, filed January 23, 2018 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 23, 2018 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated: (i) his total monthly income is $700.00 in disability; (ii) he is unemployed; and (iii) his monthly expenses are approximately $6,000.00. The Court finds Plaintiff is unable to pay the costs of these proceedings because his monthly expenses exceed his low monthly income. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

**Jurisdiction**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." In the section of the form Complaint that prompts Plaintiff for information regarding jurisdiction, Plaintiff wrote:

> prohibitions of protection 42(USC) Kleptocracy "rule by thieves" ACLU-NM State Law Claim U.S.-E.U. Privacy Shield # 00499461 Second State law claim 42(USC) Jabbari vs Wells Fargo unthourized checking/fraud
>
> unathourized opprutunity checking and savings fraud 42(USC) Jabbari vs Wells Fargo 142,000,000.00 $ settelment March 3, 2018 Keller and Rohaback (206)-623-1900
>
> Excessive Force/Denied First amendment/Identity theft 42(US) "rule by thieves"

[sic] Complaint at 1-2. In response to the form Complaint's instructions to state the background of the case, Plaintiff indicates that a camera was implanted in his left eye "without consent via anntenna chip in and around the neck (via monitores)." [sic] Complaint at 2. Much of the rest of that Plaintiff has written in the Complaint is unintelligible. Pages 7-41 of the Complaint are various documents.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court will dismiss the Complaint without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants because it is dismissing this case.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 3, filed January 23, 2018, is **GRANTED;** and

(ii) this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

_____
**UNITED STATES DISTRICT JUDGE**